## STATE OF OHIO, ex rel. YUSKA, Relator, v. THE INDUSTRIAL COMMISSION OF OHIO, Respondent.

Ohio Appeals, Second District, Franklin County.

No. 3640. Decided September 29th, 1943.

Harold M. Palmer, Columbus, for relator.

Thomas J. Herbert, Attorney General, Robert E. Hall, Assistant Attorney General, Columbus, for respondent.

## OPINION

By HORNBECK, J.

. This is an action in mandamus. Plaintiff in his petition avers formally the composition of the membershp of the Industrial Commission and that Charles Yuska was at the time set forth in the petition an employee of The Bonney-Floyd Company, a corporation contributing under the Workmen's Compensation Act to the State Insurance Fund. Plaintiff further alleges that he entered his employment in 1913 and was from that date and until April 27, 1942, employed in the foundry owned and operated by said company; that during his employment he suffered injurious exposure to silica dust (silicon dioxide); that said exposure resulted directly and proximately in injury to his lungs described as silicosis; that because of this condition he was forced to and did leave his employment on April 4, 1942; that he returned to work on one day, to-wit, April 27, 1942, but was compelled to and did leave because of the disease of silicosis; that he has not returned to this or any other employment since the date last mentioned. Relator further alleges that his injurious exposure to silica dust (silicon dioxide) exceeded the period of three years in the State of Ohio; preceded his disablement; was in part after July 31, 1937. Plaintiff then pleads that he filed

his application for payment of compensation, medical service, etc., with respondent; that its investigation established that relator had been injuriously exposed to silica dust; that after an examination by the Silicosis Referee appointed by respondent it considered plaintiff's claim and on November 10, 1942, made the followng order:

"* * * claim be disallowed for the reason that proof of record fails to show that claimant is permanently disabled as a result of silicosis or any other occupational disease: * * * ;"

that thereafter his claim was presented to the Medical Board of Review which reported to the respondent as follows:

"After a review of the file, examination of the x-ray pictures, and examination of the claimant, it is the considered opinion of this Medical Board of Review that the claimant is suffering from silicosis, incurred in the course of his employment, but that it is not totally disabling.

Therefore, it is recommended that the claim be disallowed."

He further alleges that on February 19, 1943, relator's claim came on for further consideration by the respondent upon the report and recommendation of the Medical Board of Review, whereupon that date the respondent made the following order:

"The Commission finds from proof of record that in accordance with its order of December 22, 1942, this claim was considered by a Medical Board of Review which convened in Columbus, Ohio, on February 11, 1943. The Commission further finds that such Board was of the opinion that while this claimant was suffering from silicosis, he is not totally disabled, and therefore, recommend that the claim be disallowed.

It is, therefore, ordered that the claim be disallowed on appeal to a Medical Board of Review, and that the order of the Commission dated November 10, 1942, be reaffirmed."

Relator further alleges he has received no compensation for the disability due to silicosis; that respondent's disallowance is based upon their finding that he is not totally disabled; that they refuse to recognize any partial disability and pay compensation as provided for by the Workmen's Compensation Act of the State of Ohio.

The prayer is for a writ of mandamus commanding the respondent to recognize relator's impairment in earning capacity as a result of disability due to silicosis and to pay compensation as provided by the laws of the State of Ohio. Respondent files a general demurrer to the petition.

The question presented involves the construction of 1465-68a GC. It relates to compensation to be awarded to those who suffer from the disease of silicosis and, particularly, when the Commission having observed all legal procedural requirements has determined that the effect of the silicosis is not totally disabling.

Section 1465-68a provides:

"Every employe who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employe whose death is caused by an occupational disease as herein defined, shall, on and after July 1, 1921, be entitled to the compensation provided by §§1465-78 to 1465-82, inclusive and §1465-89 GC, subject to the modifications hereinafter mentioned; provided that no person shall be entitled to such compensation unless for ninety days next preceding the contraction of the disease the employe has been a resident of the state of Ohio or for ninety days next preceding the contraction of the disease has been employed by an employer required by the workmen's compensation law of Ohio to contribute to the occupational disease fund of Ohio for the benefit of such employe, or to compensate such employe directly under the provisions of §1465-69 GC.

The following diseases shall be considered occupational diseases and compensable as such, when contracted by an employe in the course of his employment in which such employe was engaged at any time within twelve months previous to the date of his disablement and due to the nature of any process described herein."

## "SCHEDULE"

(Nos. 1 to 21 inclusive of the schedule omitted.)
"22. Silicosis. (Silicosis shall mean a disease of the lungs caused by breathing silica dust (silicon dioxide) producing fibrous nodules, distributed through the lungs and demonstrated by x-ray examination or by autopsy.)

Nothing in this act shall entitle an employe or his de-

pendents to compensation, medical treatment, or payment of funeral expenses for disability or death from silicosis, unless the employe has been subject to injurious exposure to silica dust (silicon dioxide) in his employment in Ohio preceeding his disablement, for periods amounting in all to at least three years, some portion of which shall have been after the effective date of this act.

Compensation, medical, hospital and nursing expenses on account of silicosis shall be payable only in the event of temporary total disability, permanent total disability, or death, in accordance with the provisions of §§1465-79, 1465-81 and 1465-92 GC, and only in the event of such disability or death resulting within two years after the last injurious exposure; provided that in the event of death following continuous total disability commencing within two years after the last injurious exposure, the requirement of death within two years after the last injurious exposure shall not apply."

As we understand the question presented there is no claim that the Commission did not act in accordance with the controlling subject matter of §1465-68a and the provision of said section found in 22 of the schedule, except that the Commission misinterpreted the section by giving application to that part thereof which provides that:

"Compensation, medical, hospital, and nursing expenses on account of silicosis shall be payable only in the event of temporary total disability, permanent total disability, * * *, in accordance with the provisions of §§1465-79, 1465-81 and 1465-92 GC, * * *."

Nor does the relator invoke the action of this court upon the constitutionality of that part of the section under immediate consideration although it is urged that the interpretation placed upon it by the Commission is manifestly unjust.

We are favored by a brief of counsel of the relator of some thirty pages. A careful consideration of the subject matter thereof is convincing that it would be a strong argument to present to the legislature in support of an amendment to that part of 1465-68a under consideration, but we are unable to adopt the construction of the language of the section urged upon us by the relator.

The limitation as to the allowance of compensation on account of silicosis heretofore quoted, later on in this section

in the last paragraph thereof is given application as to any other occupational disease of the respiratory tract resulting from injurious exposure to dust. Why the law-making body interposed the restrictions and limitations contained in the section we do not know, but that they had such right is not questioned here, nor are we prepared to challenge it. The only question is, does the language employed require the limitations upon the allowance of compensation as interpreted by the Commission and by its Medical Board of Review. We can come to no other conclusion that such interpretation is demanded.

There is no indication in the language employed that the restriction in allowance of compensation "only" in the event of total disability either temporary or permanent is to have application only in the event of such disability resulting within two years after the last injurious exposure because this later language is connected with the former by the conjunction "and" and not "or." So that, the two conditions set out in the paragraph must obtain, namely, that the effect of the silicosis shall result in temporary or total disability and such disability must result within two years after the last injurious exposure. It is urged that the fact that that part of the section under consideration is made the subject of a paragraph succeeding the one immediately prior thereto is convincing that there was no intention to limit compensation for disability from silicosis to total disability. We see nothing inconsistent in the arrangement of the paragraphs. The former paragraph provides that no benefits shall accrue to an employe disabled from silicosis unless the total of the periods during which he has been subjected to injurious exposure to silica dust shall equal three years, whereas the later paragraph relates to any compensation which is made conditioned upon total disability resulting from silicosis and requires that such disability result within two years after the last injurious exposure. The paragraphs are not inconsistent but supplement each other. The language

"Compensation, * * * on account of silicosis shall be payable only in the event of temporary total disability, permanent total disability, * * *"

will, in our judgment, permit of no construction in the light of all of §1465-68 GC than that unless total disability is found, compensation may not be allowed.

Many cases are cited, but, as we view the question presented, it is solely one of statutory construction wherein the language employed is not of doubtful meaning and, therefore, any rule of construction where there is doubt or ambiguity in the language considered need not be given application. Nor is there opportunity for liberal construction of the section as a part of the Workmen's Compensation Act because of its certainty of meaning. Demurrer sustained, the writ will be denied.

BARNES, P. J., and GEIGER, J., concur.